**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Pedro Serrano, Homeland Security Investigations (HSI) Special Agent, being duly sworn, do hereby depose and state:

1. That I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). Your Affiant is, therefore, an officer of the United States who is empowered to conduct investigations of, and to make arrest for, the offenses enumerated in Title 18, United States Code, Section 2516. Your affiant has been employed by the U.S. Immigration & Customs Enforcement, Homeland Security Investigations as Special Agent since December 10, 2016. Your affiant is currently assigned to the Homeland Security Investigations Ponce Office in Ponce, Puerto Rico and is conducting investigations of organized crime, money laundering, drug smuggling, child pornography, and immigration violations, among others.

2. I have drafted this Affidavit for the limited purpose of establishing probable cause for the violations listed on the attached Criminal Complaint and therefore have not included all of the facts of this investigation. Based upon my personal knowledge and information furnished to me by other state and federal law enforcement officers, I am fully aware, and allege the following facts to be true and correct.

3. On April 28, 2026, at approximately 2317 hours, the CBP aircraft located a blue vessel, about 23 to 30 feet long, approximately 42 nautical miles south of Puerto Rico and heading north towards Puerto Rico. The vessel was carrying packages and fuel barrels.

4. On April 29, 2026, at approximately 0037 hours, the vessel crossed the 24 nautical mile line. At approximately 0042 hours, CBP MIA Marine Patrol Units visually confirmed the vessel and proceeded to approach for interdiction.

5.  At approximately 0043 hours, Homeland Security Investigations (HSI) office in Ponce, P.R. duty Special Agent (SA), received information from Customs and Border Protection Air and Marine Interdiction Agents (CBP MIA) assigned to the Ponce office indicated their aircraft had detected the same vessel approximately 24 nautical miles south of Puerto Rico and it was subject to a border search.

6.  At approximately 0058 hours, CBP MIA entered a tactical assessment position on the vessel. CBP MIA activated navigation and blue lights and attempted to stop the vessel. The vessel, a white and blue yawl with two outboard engines and three passengers on board, did not comply and instead accelerated. CBP MIA pursued the vessel and, after a brief chase, fired two warning shots in front of the bow. At approximately 0101 hours, the vessel stopped, and CBP MIA boarded the vessel as standard operating procedures when conducting a border search.

7.  The vessel contained fuel barrels and multiple plastic jugs. The plastic jugs were tied together, which is not common practice to see fuel cans tied together. CBP MIA opened the cap of a jug and noticed brick shaped packages consistent with usual packages of narcotics. The three passengers on board were taken into custody and transferred to a CBP MIA vessel. The seized vessel was brought to the Guayama boat ramp. At the ramp, US Border Patrol K9 Unit alerted and indicated to the presence of narcotics. Also, FURA intelligence assisted with securing the vessel and transporting the suspects and the jugs containing the suspected narcotics to the Ponce Marine Unit. HSI then took custody of the narcotics and suspects and continued the investigation.

8.  CBP MIA contacted HSI immediately after the pursuit and advised of the incident. HSI Ponce took custody of the three subjects and transported them to the HSI Ponce Office to be processed accordingly. At the Ponce Marine Unit facilities, 20 black jugs containing what appeared to be cocaine were seized. The black jugs were sealed from the bottom using aftermarket thermoplastic adhesive or hot glue. In addition, a narcotics field test yielded positive results of the presence of cocaine. The jugs contained 600 bricks of cocaine weighing approximately 643.3 kilograms.

9.  At the HSI Office, Special Agents interviewed the three subjects. The subjects were identified as: Charlie G. MARVAL-HENRIQUEZ, Jhoan A. RODRIGUEZ-NUNEZ, and Josue A. RODRIGUEZ-NUNEZ.  All subjects were read and understood their Miranda Warnings and decided to waive them. The three subjects freely and voluntarily stated to be citizens of Venezuela.

10. All three subjects admitted during the interview that they had knowledge that they were transporting cocaine to deliver it to someone in Puerto Rico. Their instructions were to reach a specific location, call for further directions using a satellite phone, and receive fuel cans for their return trip to Venezuela. They expected to be paid between $20,000 and $40,000 USD each after successful delivery and return.

11. Below are images obtained by both CBP MIA and HSI agents after the interdiction depicting the abovementioned vessel, the 20 black jugs, and the 600 cocaine bricks.







12. Based on my training, experience and facts concerning this investigation, I respectfully believe that the evidence found during this investigation is consistent with that of a drug smuggling venture and sufficient probable cause exists to show that there is evidence of violations to: 21 U.S.C. §§ 841(a)(1) possession with intent distribute a controlled substance, that is, 5 kilograms or more of cocaine; and 21 U.S.C. § 952(a) importing controlled substances, that is, 5 kilograms or more of cocaine.

I declare, under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

PEDRO R SERRANO-ORTIZ
Digitally signed by PEDRO R SERRANO-ORTIZ
Date: 2026.04.29 18:43:26 -04'00'

Pedro Serrano
Special Agent
Homeland Security Investigations
Ponce, Puerto Rico

Sworn in accordance with the requirement of Fed. R. Crim. P.4.1 by telephone at

7:28 AM/PM on April 29, 2026, in San Juan, Puerto Rico.

Hon. Hector Ramos Vega
U.S. Magistrate Judge
District of Puerto Rico